**CLD-086**                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1188
_____

IN RE: JOSEPH CAMMARATA,
                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to 2:21-cr-00427-001 & 2:21-cv-04845); and the
United States District Court for the District of New Jersey
(Related to 3:22-cr-00639-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 20, 2025

Before: KRAUSE, PHIPPS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: January 26, 2026)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**PER CURIAM**

Joseph Cammarata, proceeding pro se, petitions for a writ of mandamus to compel the District Courts to take various actions across his three related federal-court matters. We will deny the mandamus petition.

In October 2022, Cammarata was convicted in the United States District Court for the Eastern District of Pennsylvania of conspiracy, wire fraud, and money laundering based on his submission of false claims to securities class action claims administrators. He was sentenced in June 2023 to ten years in prison with monetary liability totaling over forty-eight million dollars. See E.D. Pa. Crim. No. 2:21-cr-00427. Upon review, we affirmed the conspiracy, wire fraud, and money laundering convictions. We vacated the restitution order, vacated the forfeiture order in part, and remanded the matter for further proceedings. United States of America v. Joseph Cammarata, C.A. No. 23-2110.

While that criminal matter was proceeding, the Securities and Exchange Commission (SEC) commenced a parallel civil action against Cammarata. E.D. Pa. 2:21-cv-04845. In January 2022, pursuant to a stipulation by the parties, the District Court issued a preliminary injunction freezing Cammarata's assets. The District Court ultimately entered summary judgment against Cammarata. Among other remedies, the District Court ruled that Cammarata's payment obligation to the SEC was $2,701,793.98, an amount that was offset by the restitution and forfeiture orders in his criminal case. Cammarata's appeal from the District Court's judgment is pending. SEC v. Cammarata, C.A. No. 24-1381.

Meanwhile, in November 2023, Cammarata was convicted in the United States District Court for the District of New Jersey of tax evasion. D.N.J. 3:22-cr-00639-001. He was sentenced to seventy-two months' imprisonment and ordered to pay over six million dollars in restitution. His appeal in that case is also pending before us. United States v. Cammarata, C.A. No. 24-1983.

In February 2025, Cammarata filed this mandamus petition "to redress pervasive and systematic violations of constitutional rights and judicial ethics across three interrelated federal cases." Pet. 1, ECF No. 5. Specifically, he contends that the prosecutors in the criminal cases violated his due process rights by relying on fabricated evidence and constructively amending the indictments mid-trial; that the prosecutors in the tax case committed Brady violations and made misrepresentations to the grand jury; that the SEC violated his due process rights by securing an ex-parte temporary restraining order and freezing his assets; that the district judge in the fraud case erroneously applied sentencing enhancements; and that the district judge in the fraud and civil cases demonstrated a lack of impartiality by making inappropriate comments, deleting portions of the transcript, holding simultaneous hearings in both matters, and engaging in ex parte communication with the judge of a related case.

A writ of mandamus is an extraordinary remedy. In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003). A petitioner must show that he has no other adequate means to obtain relief, that he has a clear and indisputable right to the writ, and that the writ is appropriate under the circumstances. Hollingsworth v. Perry, 558 U.S. 183, 190

3

(2010) (per curiam) (internal quotation marks and citation omitted). "[A] writ of mandamus may not issue if a petitioner can obtain relief by appeal." Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996).

Cammarata has not demonstrated that he has a clear and indisputable right to a writ or that he has no other adequate means to obtain relief. He can obtain appellate review of the issues he raises here. See In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal will lie, mandamus will not."). To the extent that Cammarata asserts that the district judges are biased against him, we see no evidence of bias or any other reason why the judges should recuse themselves from Cammarata's cases. See 28 U.S.C. § 455 (setting forth standards for recusal). "We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal . . . ." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). Moreover, it appears that Cammarata never sought recusal in the tax case. Therefore, he cannot make the required showing that he has "no other adequate means to attain the desired relief" in that matter. In re Kensington Int'l Ltd., 353 F.3d 211, 223-24 (3d Cir. 2003) (denying mandamus on this basis when recusal motion was pending before district judge).

Accordingly, we will deny Cammarata's mandamus petition.[1]

---

[1] Cammarata's pending motions in C.A. No. 25-1188 are denied.

4